**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **RAYMOND MALDONADO and MONICA MALDONADO** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 5:21-cv-00864** |
| **SONNY'S CAR WASH SERVICES OF FLORIDA, LLC** | § § § | **JURY DEMAND** |
| **Defendant.** | § § § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

1.      Raymond Maldonado and Monica Maldonado, Plaintiffs, brings the following claims against Defendant and respectfully states:

**PARTIES**

2.      Plaintiffs Raymond and Monica Maldonado, ("Plaintiffs") are residents of San Antonio, Bexar County, Texas.

4.      Defendant, Sonny's Car Wash Services of Florida, LLC is a Florida limited liability company with its principal place of business located in Florida and, at all relevant times, was doing business in the State of Texas by selling and distributing car wash systems throughout the state. This Defendant can be served via its registered agent, CSC-Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

## JURISDICTION AND VENUE

5.      This court has jurisdiction pursuant to 28 U.S.C. §1332(a) because this controversy is between citizens of different states and the amount in controversy exceeds $75,000. Upon information and belief, none of the members of Sonny's Car Wash Services of Florida, LLC are citizens of Texas or reside in Texas and the parties are completely diverse

6.      Venue is proper in this judicial district pursuant to 13 U.S.C. §1391, et seq. because all or a substantial part of the events giving rise to the subject claims occurred within this District.

7.      Sonny's Car Wash Services of Florida, LLC is subject to jurisdiction in this Court because it maintains minimum contacts with Texas through its supply of car wash equipment, including the particular equipment involved in this case. In addition, this Defendant also supplies service, spare parts, and other goods and services to the State of Texas.

## FACTS

8.      On June 25, 2020, Raymond Maldonado was in the course and scope of his employment at Bee Clean Car Wash, located at 2827 Olmos Creek Dr, San Antonio, Texas. Sonny's Car Wash ("Defendant") had designed, manufactured and sold the car wash system used at Bee Clean Car Wash, including the rotating brushes inside the car wash tunnel. Maldonado was using a hose to wash down the inside of the car wash. Unbeknownst to Maldonado, the hose became entangled in one of the side-arm rotating brushes. As a result, Maldonado was violently pulled to the ground, where he was violently twisted and repeatedly slammed to the ground for almost a full minute before a co-worker was able to stop the machine. The car wash equipment continued to spin despite the added weight and resistance resulting from Maldonado's body. Mr. Maldonado received numerous injuries, including the mechanical amputation of his leg.

9.      This incident was both preventable and foreseeable to the Defendant. Prior to the subject occurrence Defendant was well aware that workers would frequently be in the vicinity of its rotating car wash tunnel equipment. In fact, Defendant was specifically aware of numerous prior occurrences wherein workers were caught in rotating brush equipment and injured as a result when the brushes continued to rotate. As early as 2005, the National Institute for Occupational Safety and Health ("NIOSH") has recommended that car wash manufacturers use devices which would enable the rotating car wash tunnel equipment to quit rotating if a significant increase in necessary torque or additional weight were detected. Alternative designed equipment was readily available which would not impact the utility of the car wash equipment but would prevent serious injuries or deaths when workers or their associated equipment come in contact and become entangled with rotating car wash equipment.

## STRICT LIABILITY- DESIGN DEFECT CAUSES OF ACTION

10.     Plaintiffs adopt and re-alleges each paragraph set forth above.

11.     At all times material to this action, Defendant was in the business of designing, testing, engineering, manufacturing, marketing, distributing, selling and supplying car wash systems for use in Texas and throughout the United States.

12.     The subject car wash system was defectively designed because it failed to include adequate safety systems that would prevent serious injury in the event an individual came into contact with a side arm rotating brush. The car wash system and its components were unreasonably dangerous and defective as designed.

13.     There were alternative designs available that were both technologically and economically feasible and which would have greatly reduced the likelihood of the subject occurrence and Plaintiffs' resulting injuries.

14.     The design defects existing in the subject car wash system were a producing cause of Plaintiffs' injuries and Plaintiffs' damages alleged herein.

### STRICT LIABILITY- MANUFACTURING DEFECT CAUSES OF ACTION

15.     Plaintiffs adopt and re-alleges each paragraph set forth above.

16.     At all times material to this action, Defendant was in the business of designing, testing, engineering, manufacturing, marketing, distributing, selling and supplying car wash systems for use in Texas and throughout the United States.

17.     The subject car wash system was defectively manufactured because it deviated from its intended design or output. Specifically, the subject car wash system and its components failed to stop once they were exposed to resistance that significantly exceeded the normal resistance while rotating in a car wash tunnel. The equipment and sensors installed on the equipment designed to detect a significant increase in force required to rotate the subject brush and to stop rotation failed. The manufacturing defects existing in the car wash system rendered it unreasonably dangerous and defective.

18.     There were alternative designs available that were both technologically and economically feasible and which would have greatly reduced the likelihood of the subject occurrence and Plaintiffs' resulting injuries.

19.     The manufacturing defects existing in the subject car wash system were a producing cause of Plaintiffs' injuries and Plaintiffs' damages alleged herein.

### NEGLIGENCE CAUSES OF ACTION

20.     Plaintiffs adopt and re-alleges each paragraph set forth above as if fully set forth herein.

21.     Defendant owed a duty to Plaintiffs to exercise reasonable care in the design, manufacture, assembly, testing, distribution, and marketing of the car wash system.

22.     Defendant breached its duty by failing to act as an ordinary and prudent manufacturer of car wash systems to exercise sufficient quality control, and ensure an adequate design of the subject car wash system so that it could perform its ordinary and intended functions without injuring employees who work around the car wash system.

23.     The foregoing negligent acts and omissions were a proximate cause of Plaintiffs' injuries and Plaintiffs' damages alleged herein.

## GROSS NEGLIGENCE CAUSE OF ACTION

24.     Plaintiffs adopt and re-allege each paragraph set forth above as if fully set forth herein.

25.     Defendant's conduct complained of above constitutes gross negligence. Defendant's conduct, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

26.     Further, Defendant, by and through its employees and agents, had actual, subjective awareness of the risk but proceeded with conscious indifference to the rights, safety, or welfare of others.

## DAMAGES

27.     Plaintiffs adopt and re-alleges each paragraph set forth above as if fully set forth herein.

28.     As a result of Defendants' acts and omissions, Plaintiff Ray Maldonado suffered severe and permanent injuries, including, but not limited to:

    a.   Medical expenses in the past and future;

    b.   Physical pain and mental anguish in the past and future;

    c.   Physical impairment in the past and future;

    d.   Disfigurement in the past and future;

    e.   Loss of income and earning potential in the past and future.

    f.   Loss of Consortium in the past and future.

29.   Plaintiff Monica Maldonado suffered damages, including:

    a.   Loss of Consortium in the past and future;

    b.   Loss of Services in the past and future.

30.   Plaintiffs seek exemplary damages against Defendant associated with the gross negligence claims set forth herein.

## CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

31.   Plaintiffs herein claim interest at the maximum legal rate.

## JURY DEMAND AND PRAYER

32.   Plaintiffs request that a jury be convened to try the factual issues of this case.

33.   Plaintiffs pray that judgment be entered in his favor and against Defendant, for all damages, as requested herein, the costs of bringing this action, for prejudgment and post-judgment interest at the maximum legal rate, and for such other relief, at law or in equity, to which they may be justly entitled.

6

Respectfully submitted,

*/s/ Jeffrey T. Embry*
Jeffrey T. Embry
State Bar No. 24002052
jeff@hossleyembry.com
Matt Montgomery
State Bar No. 24041509
matt@hossleyembry.com
Christopher P. Peirce
State Bar No. 24046604
cpeirce@hossleyembry.com
Hossley Embry, LLP
515 S. Vine Ave.
Tyler, Texas 75702
Ph.   903-526-1772
Fax. 903-526-1773
***ATTORNEYS FOR PLAINTIFFS***